IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01612-PAB-KMT

NATIONAL RENAL ALLIANCE, LLC, n/k/a RAI II, LLC,

    Plaintiff,

v.

GAIA HEALTHCARE SYSTEMS, LLC,

    Defendant.

---

**ORDER**

---

    This matter is before the Court on the motion to set aside the entry of default pursuant to Federal Rule of Civil Procedure 55(c) [Docket No. 12] filed by garnishee Drason Consulting Services, LLC ("Drason").  The motion is fully briefed and ripe for disposition.

    Plaintiff National Renal Alliance, LLC obtained a judgment in the amount of $305,000 against defendant GAIA Healthcare Systems, LLC ("GAIA") on February 3, 2011 in the United States District Court for the Middle District of Tennessee.  *See* Docket No. 1-1.  On March 17, 2011, plaintiff registered that judgment with this Court. *See* Docket No. 1.  On April 5, 2011, plaintiff filed a Writ of Garnishment [Docket No. 4] directed to garnishee Drason, whose principals are the same as those of defendant. *See* Docket No. 12 at 1, ¶ 4.  On May 19, 2011, the United States Marshals Service personally served Drason's registered agent with the Writ of Garnishment.  *See* Docket

No. 6-1.[1]  The Writ of Garnishment informed Drason that it had ten days following service to answer the Writ and that the "failure to answer th[e] Writ with notice may result in the entry of default."  Docket No. 4 at 1 (emphasis removed).  As of June 13, 2011, in light of Drason's failure to answer the Writ, plaintiff filed a Motion for Clerk to Enter Default and Default Judgment Against Garnishee Pursuant to Federal Rule 55 [Docket No. 6].  The Clerk of the Court entered default against Drason on June 15, 2011.  See Docket No. 7.  On July 7, 2011, Drason filed the present motion seeking to have the default set aside.

The Court may set aside an entry of default for good cause.  See Fed. R. Civ. P. 55(c).  This good cause standard is a less demanding standard than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b).  Id.; Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp., 115 F.3d 767, 775 n.6 (10th Cir. 1997).  In determining whether to vacate the clerk's entry of default, the Court may consider the following factors: (1) whether the defendants' culpable conduct led to the default; (2) whether the plaintiffs will be prejudiced by setting aside the entries of default; and (3) whether the defendants have a meritorious defense.  See Hunt v. Ford Motor Co., 1995 WL 523646, *3 (10th Cir. Aug. 29, 1995) (unpublished opinion) (citing In re Dierschke, 975 F.2d 181, 183 (5th Cir. 1992)).  The Court need not consider each of these three factors and may consider other factors in its discretion.  Id.  Guiding the Court's analysis is the time-honored principle that "[t]he preferred disposition of any case is upon its merits and not by default judgment."  Gomes v. Williams, 420 F.2d

---

[1] Drason asserts that its registered agent was served on or about May 15, 2011.  See Docket No. 12 at 1, ¶ 3.

1364, 1366 (10th Cir. 1970); see also Katzson Bros., Inc. v. E.P.A., 839 F.2d 1396, 1399 (10th Cir. 1988) (noting that "default judgments are not favored by courts").  It is, however, within this Court's discretion to balance the judicial preference against default judgments with considerations of social goals, justice, and expediency.  Gomes, 420 F.2d at 1366.

     Drason is culpable for the entry of default.  Drason's President, Bruce Thompson, received notice of the Writ at or around the time it was served upon Drason's registered agent.  See Docket No. 12 at 10 (Thompson Aff.) ¶ 2.  Mr. Thompson avers that, "[d]uring the time when [he] was served with the Drason Writ, [he] was overwhelmed with business and personal matters."  Docket No. 12 at 10, ¶ 3.  However, the business and personal matters he describes are not out of the ordinary, see Docket No. 12 at 11, and the burden of answering the Writ was minimal.  Mr. Thompson was required to simply answer two yes-or-no questions and provide some minimal information in the event the answer to either question was yes.  See Docket No. 4 at 2.  Mr. Thompson further asserts that he "did not intend to ignore [his] obligation to respond to the Drason Writ, and was unaware of the consequences for not replying in a timely fashion."  Docket No. 12 at 10, ¶ 3.  The two assertions are inconsistent.  If Mr. Thompson intended to meet his obligation, he would have read the two-page Writ and, as noted above, the Writ clearly described the potential consequences of failing to reply, i.e., entry of default on a garnishment of over $305,000.  For these reasons, the Court concludes that the first factor weighs against setting aside the entry of default.

As for the underlying merits, Drason contends that "it did not possess or control any personal property belonging to GAIA, nor did it owe GAIA any rents, payments, obligations, debts or money at the time the Writ was served."  Docket No. 12 at 5, ¶ 17.  Drason argues that it therefore has a valid defense to any garnishment.  While plaintiff responds that this assertion is "suspect," the present record does not clearly establish plaintiff's entitlement to garnish Drason.  The Court concludes that such uncertainty about the merits weighs in favor of setting aside the entry of default.

The only potential prejudice plaintiff claims it will suffer as a result of setting aside the entry of default is the expense of seeking entry of default and a default judgment as well as the cost of responding to Drason's motion.  Drason agrees to pay the reasonable fees and costs incurred by plaintiff.  *See* Docket No. 14 at 8.  Therefore, the Court concludes that the parties' agreement regarding the imposition of that condition weighs in favor of setting aside the entry of default.  *See Littlefield v. Walt Flanagan & Co.*, 498 F.2d 1133, 1136 (10th Cir. 1974) ("The imposition of conditions in an order vacating a default is a device frequently used to mitigate any prejudice which plaintiff may suffer by allowing defendants to plead.").

Having balanced the judicial preference against default judgments with considerations of social goals, justice, and expediency, *Gomes*, 420 F.2d at 1366, the Court will set aside the entry of default.  As a condition of doing so, however, Drason shall pay the reasonable fees and costs incurred by plaintiff in seeking entry of default and a default judgment and in responding to Drason's motion to set aside the entry of

default.[2]

For the foregoing reasons, it is

**ORDERED** that Drason's motion to set aside the entry of default pursuant to Federal Rule of Civil Procedure 55(c) [Docket No. 12] is GRANTED and the default entered by the Clerk of the Court on June 15, 2011 [Docket No. 7] is SET ASIDE pursuant to Federal Rule of Civil Procedure 55(c).  It is further

**ORDERED** that plaintiff's motion for default judgment [Docket No. 6] is DENIED.  It is further

**ORDERED** that Drason shall answer the Writ of Garnishment [Docket No. 4] and file its answer with the Court within ten days of entry of this order.  It is further

**ORDERED** that Drason shall pay the reasonable attorney's fees and costs incurred by plaintiff in seeking entry of default and default judgment against it and in opposing his motion to set aside the entry of default.  Plaintiff and Drason shall endeavor to reach a stipulation regarding a reasonable amount and shall seek

---

[2]Plaintiff also requested that, in the event the entry of default was set aside, the Court require Drason to post a bond to secure the amount reflected in the Writ.  *See* Docket No. 13 at 11-12; *see also Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 (10th Cir. 1997) (recognizing that district courts are afforded "imaginative and flexible use of power to impose conditions on the granting of relief from a default judgment").  Unlike the request for fees and costs, Drason did not respond to this request.  Moreover, the Court finds that Drason's failure to timely respond to a Writ seeking to garnish over $305,000 without any plausible explanation raises concerns regarding what the true motives for such delay might be.  While such considerations could support a condition requiring Drason to post a bond, plaintiff has not demonstrated that such is required to allow it to recover in the event it succeeds in this matter.  *See Bizjet Int'l Sales and Support, Inc. v. Aero Toy Store, LLC*, 2008 WL 5083536, at *5 (N.D. Okla. Nov. 26, 2008) (noting that "the Court has discretion to set aside an entry of default on specific conditions" and requiring the posting of $750,000.00 bond to "protect the ability of [plaintiff] to obtain an appropriate remedy").

imposition of the award by joint motion on or before November 3, 2011.  If the parties are unable to reach a stipulation, plaintiff shall file a motion pursuant to D.C.COLO.LCivR 54.3 on or before November 10, 2011.  Drason may file a response to that motion on or before November 17, 2011.

DATED October 27, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge