IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01612-PAB-KMT

NATIONAL RENAL ALLIANCE, LLC, n/k/a RAI II, LLC,

    Plaintiff,

v.

GAIA HEALTHCARE SYSTEMS, LLC,

    Defendant.

## ORDER

This matter is before the Court on plaintiff's motion to dismiss [Docket No. 31] pursuant to Fed. R. Civ. P. 41(a)(2).

On April 5, 2011, plaintiff National Renal Alliance, LLC ("NRA") served a Writ of Garnishment [Docket No. 4] upon garnishee Drason Consulting Services, LLC ("Drason"). Drason failed to answer the Writ, and the Clerk of the Court entered default against Drason. *See* Docket No. 7. The Court set aside the entry of default and awarded fees and costs to NRA. *See* Docket No. 24. Drason answered the Writ on November 3, 2011. *See* Docket No. 26. On November 4, 2011, NRA and Drason informed the Court that "they will be better able to determine whether additional proceedings are necessary after NRA has had an opportunity to determine whether to challenge Drason's answer and after Drason pays the fees and costs awarded to NRA." Docket No. 28 at 1-2. Drason has paid the fees and costs, and NRA and Drason informed the Court on November 23, 2011 that they "do not anticipate that additional

proceedings are necessary in this action." Docket No. 29 at 1.

In response to a November 28, 2011 Minute Order [Docket No. 30] entered by the magistrate judge, plaintiff filed the present motion which "requests that the matter be dismissed without prejudice to any right to pursue future proceedings, including future garnishments that could be proper if Garnishees owe debts to the [plaintiff]." Docket No. 31 at 1.  Garnishee Drason Consulting Services, LLC ("Drason") states that it disagrees with plaintiff regarding "whether the Order of Dismissal . . . should be entered with or without prejudice," but also expresses its agreement that, "[a]s long as its judgment remains unsatisfied," plaintiff has the right to file a "new Writ of Garnishment on Drason in the future." Docket No. 32 at 1.  Pursuant to Fed. R. Civ. P. 41(a)(2), the Court is empowered to grant a plaintiff's request for voluntary dismissal "on terms that the court considers proper" and, in light of the foregoing, it is

**ORDERED** that plaintiff's motion to dismiss [Docket No. 31] pursuant to Fed. R. Civ. P. 41(a)(2) is GRANTED and this action is dismissed without prejudice to plaintiff's right to initiate future garnishment proceedings against Drason or other potential garnishees.

DATED December 6, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge